UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
THE BANK OF TOKYO-MITSUBISHI, UFJ, LTD    :
NEW YORK BRANCH,                          :
                                          :
                    Petitioner,           :
                                          :     12 Civ. 4038
                                          :        (BSJ)
          v.                              :
                                          :
                                          :     **Opinion**
DEBORAH D. PETERSON, Personal             :
Representative of the Estate of           :
James C. Knipple (Deceased), et al.,      :
                                          :
                    Respondents.          :
------------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

The Court now provides a brief explanation of its order dated May 24, 2012.

On May 2, 2012, Respondents ("Peterson") served a restraining notice on Petitioner The Bank of Tokyo-Mitsubishi, UFJ, Ltd., New York Branch ("BTMUNY") under CPLR § 5222(b) commanding BTMUNY to freeze all assets in which the Judgment Debtors[1] have an interest "including, but not limited to one or more accounts held in the name of the Central Bank of Iran located at the Bank of Tokyo-Mitsubishi UFJ, wherever located,

---

[1] In Peterson v. Islamic Republic of Iran, et al., No. 10-cv-4518-BSJ-GWG, a related matter before this Court, Peterson seeks enforcement of a 2007 District of the District of Columbia judgment in Peterson's favor against the Judgment Debtors.  The instant matter is an attempt by Peterson to satisfy a portion of the judgment with assets held by BTMU in accounts of some or all of the Judgment Debtors and their agencies and instrumentalities.  (See Restraining Notice at 2.)

including, but not limited to its locations in Tokyo, Japan[.]" (Restraining Notice at 2.)

In serving the Restraining Notice, Peterson purports to rely on this Court's February 27, 2012 order ("February Order"), pursuant to 28 U.S.C. § 1610(c), which directed the Clerk of the Court to issue a Writ of Execution "with respect to the property and interests in property of [the Islamic Republic of] Iran and MOIS [Iranian Ministry of Information and Security] and/or property or interests in property of Iran's agencies and instrumentalities, including, but not limited to Iranian financial institutions, including . . . the Central Bank of Iran, held by United States persons . . . and located outside the United States, all of which have been blocked by reason of President Obama's Executive Order No. 13599 effective February 6, 2012." (Order at 4.)

Under Executive Order 13599 ("Executive Order"), "[a]ll property and interests in property of the Government of Iran, including the Central Bank of Iran, **that are in the United States, that hereafter come within the United States, or that hereafter come within the possession or control of any United States person, including any foreign branch**, are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." Executive Order 13599, dated Feb. 5, 2012, §1 (emphasis added). The same blocking restriction applies to

2

"[a]ll property and interests in property of any Iranian financial institutions, including the Central Bank of Iran." Id. § 2. The Executive Order defines "United States person" as "any United States citizen, permanent resident alien, entity organized under the laws of the United States or any jurisdiction within the United States (including foreign branches), or any person in the United States." Id. § 7.

Peterson contends that property held in Japan by the Bank of Tokyo-Mitsubishi, UFJ ("BTMU"), a Japanese bank, falls within the scope of the February Order because the presence of a BTMU branch in the United States is sufficient to make all BTMU branches worldwide "United States persons." The Court does not read the Executive Order so expansively. The Executive Order prohibits the restraint of assets that are (1) held by non-United States persons and (2) located outside the United States.[2] The Japanese branches of a Japanese bank are not United States persons regardless of the existence of a New York branch of the bank. For this reason, the Court vacated the Restraining Notice to the extent that it seeks to reach property held by BTMU outside the United States.

The Court should also note that attachment and execution of property that is appurtenant to a foreign state and that is

---

[2] There is no dispute between the parties that the Executive Order does reach assets held by the BTMUNY.

3

located outside the United States would violate the Foreign Sovereign Immunities Act, 28 U.S.C. § 1609 ("FSIA").[3]

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         May 29, 2012

---

[3] The FSIA does provide for some limited exceptions to the otherwise complete immunity from attachment and execution to which a foreign state is entitled. See 28 U.S.C. § 1610. However, these exceptions are available only with respect to property located within the United States. Id. §§ 1610(a), (b).